IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**MARK EDWARD VANZANT**                                                                **PETITIONER**

**VS.**                            **CASE NO. 5:11CV00296 HDY**

**RAY HOBBS, Director**
**Arkansas Department of Correction**                                **RESPONDENT**

**ORDER**

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Mark Edward Vanzant, who is currently in the custody of the Arkansas Department of Correction (ADC). Mr. Vanzant entered a guilty plea to murder in the first degree in 2006 in Pulaski County Circuit Court. He was sentenced to 39 years in the ADC. Since he entered a guilty plea, a direct appeal was unavailable. In February of 2011, Mr. Vanzant file a Rule 37 postconviction pleading in state court[1]. He also filed a state habeas corpus petition in February of 2011. According to the respondent, neither of these cases have been resolved.

Mr. Vanzant now advances two claims for habeas corpus relief:

1.      His waiver of rights was in violation of the Fifth Amendment; and

---

[1] Mr. Vanzant alleges that he filed a postconviction petition in February of 2006 and filed another petition in August of 2008. Both were denied, though he does not provide the dates on which the 2006 petition was denied. We note that the February 2006 date for the first petition alleged by Mr. Vanzant actually *predates* the guilty plea by seven months. As a result, that petition would not be "properly filed" within the meaning of 28 U.S.C. § 2244(2). The 2008 petition, which petitioner states was denied in August of 2010, would not render this petition timely as the state court petition was not filed until after the limitations period had already expired.

2.      "Personal investigation of natural environment establishes more useful information."

Respondent contends that the statute of limitations bars consideration of these claims. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that the petitioner's judgment became final on September 15, 2006, when the trial court entered judgment based upon the petitioner's plea of guilty. As a result, the respondent argues that petitioner should have filed his federal petition on or before September 15, 2007. The petitioner filed his federal petition on November 16, 2011. By previous Order, the petitioner was notified that dismissal due to untimeliness was possible, and the petitioner was

further notified of his opportunity to explain why this result should not occur.  Mr. Vanzant has submitted a responsive pleading.  Docket entry no. 16.

In addition, the respondent contends that ground one is not properly before this Court due to the petitioner's failure to adequately raise this claim in a properly filed state postconviction petition, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court:  that is, if he was aware of the ground, but failed to pursue it to a final determination.  The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure.  *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987).  The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause."  *Smith v. Murray*, 477 U.S. 533-34.  However, one can discern from these cases several circumstances in which cause might be found:  first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. l (l984); or third, if the litigant failed to receive the effective assistance of counsel.  *See Murray v. Carrier*, 477 U.S. at 488.  In addition, there is

one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause:  where a constitutional violation has probably resulted in the conviction of one who is actually innocent.  *Id.* at 496.

The Court also notified Mr. Vanzant that dismissal of ground one was possible due to the alleged procedural default, and he was notified of his opportunity to explain why dismissal should not occur on this basis.  He submitted an explanatory pleading.   Docket entry no. 16.

We first consider whether the petition was timely filed and whether ground one was procedurally defaulted.

Mr. Vanzant's response to the Court's Order of January 6, 2012, is fifteen pages long. This response, however, does not address the issues of why his federal habeas petition was not timely filed or why ground one was not properly raised in state court.  The response is rambling at times, and for the most part seems to be a critique of his lawyer's performance and to be a recitation of the facts that led to the entry of his guilty plea.  In short, he offers no reason why the federal petition was filed in an untimely fashion nor why ground one was not advanced in state court.

We find that the petition is barred from consideration because it was untimely filed.  The petitioner's conviction became final on September 15, 2006, when judgment was entered pursuant to his guilty plea in state court.  His federal habeas petition should have been filed on or before September 15, 2007.  The petitioner filed his federal petition on November 16, 2011.  The petitioner offers no reason that the limitation period should have been equitably tolled, and the record suggests no such reason.  The petitioner did not file a timely postconviction petition in state court.  Had he done so, the time during which such a petition was pending would not have

counted towards the limitation period. In summary, the federal petition for habeas corpus relief was filed more than four years late, and the petition is dismissed on that basis.

The respondent is also correct that ground one was not raised in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. As a result, this claim is not properly before the Court, and the procedural default is an alternative basis for dismissal of ground one.

In summary, the petition for writ of habeas corpus is hereby dismissed, and the relief requested is denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the certificate of appealability is denied.

IT IS SO ORDERED this   10    day of February, 2012.

_____
UNITED STATES MAGISTRATE JUDGE